UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO ALBERTO COLAS MOLINA,

    Petitioner,

v().

Case No. 2:26-cv-240-KCD-NPM

FIELD OFFICE DIRECTOR GARRETT RIPA, CHARLES PARRA, SECRETARY KRISTI NOEM, ATTORNEY GENERAL PAM BONDI, SHERIFF DAVID HARDIN,

    Respondents.
_____/

## ORDER

Petitioner Alejandro Alberto Colas Molina has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"). (*Id.* at 8.) Respondents oppose the petition. (Doc. 4.) For the reasons below, the petition is **DENIED**.

Molina illegally entered the United States on November 5, 2023. (Doc. 4 at 2.) Important for reasons discussed below, he was apprehended at the border and released on his own recognizance. (*Id.*; Doc. 4-1 at 2.) Molina was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

recently re-detained. (*Id.*) After processing, he landed at Glades County Detention Center in the Middle District of Florida. (Doc. 1 ¶ 19.)

Molina claims that his detention violates the INA because he is ineligible for a bond hearing. (Doc. 1 at 11.) Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id*. The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id*. at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under §

2

1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Molina, he is entitled to a bond hearing under § 1226. (Doc. 1 ¶ 27.) But this argument runs headlong into the facts. Molina was apprehended at the border. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Molina spent time in the United States after being released—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))); *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country.").

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Molina's continued detention without a bond hearing cannot be in violation of the INA. Based on the record provided, Molina's detention does not violate the INA.[2] He is thus not entitled to habeas relief, and the petition (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on March 2, 2026.

Kyle C. Dudek
United States District Judge

---

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. And Molina has offered that case as binding. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But *Bautista* has no application here because Molina falls outside the proposed class since he was "apprehended upon arrival." *Id.* at *9.